IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE, *also known*
*as* M.R.B.,

    Plaintiff,

v.                                                       Civ. No. 25-104 DLM/GBW

SAI, INC., *doing business*
*as* MOTEL 1,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court upon a review of the record. On January 31, 2025, Plaintiff filed her Complaint against Defendant in federal court under the pseudonym "Jane Doe (M.R.B.)." *Doc. 1*. Plaintiff has not sought the Court's leave to proceed anonymously.

The Federal Rules of Civil Procedure do not contemplate parties proceeding anonymously or by and through another person. Rather, Rule 10 requires that the title of a complaint "name all the parties," and Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a)(1). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). However, under Rule 5.2, a court filing that contains "the name of an individual

known to be a minor . . . may include only . . . the minor's initials"; and under Rule 17, "[a] minor or an incompetent person" may sue by and through, inter alia, "a next friend."  Fed. R. Civ. P. 5.2(a)(3), 17(c).

Further, the Tenth Circuit has recognized that exceptional circumstances may warrant permitting a party to proceed anonymously.  Quoting the Eleventh Circuit, the *Femedeer* court observed that, though "[l]awsuits are public events, '[a] plaintiff should nevertheless be allowed to proceed anonymously

> in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is committed to the trial court's discretion.  *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998).  In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest" in access to legal proceedings.  *Id.* at 803; *see Femedeer*, 227 F.3d at 1246 ("[I]t is proper to weigh the public interest in determining whether some form of anonymity is warranted.").  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."  *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).  Moreover, courts must be mindful that, without a party's name in the public

record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Femedeer*, 227 F.3d at 1246.

The Tenth Circuit has maintained that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). If the court grants permission, it will often require the plaintiff to disclose his or her real name to the other parties and the court, but otherwise maintain the plaintiff's identity under seal. *Id.* "Where no permission is granted, the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id.* (quotation marks omitted). Here, the record reflects that, to date, Plaintiffs have not petitioned the Court for leave to proceed anonymously.

IT IS THEREFORE ORDERED that **by February 24, 2025,** Plaintiff shall either file a motion to proceed anonymously or under a pseudonym; or show cause as to why they have failed to file such a motion.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE